**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAMILTON ISMAEL PADILLA MENDOZA, <br><br> Petitioner, <br><br> v. <br><br> FERETI SEMAIA, et al. <br><br> Respondents. | No. 5:26-cv-3131 DSR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

**1.    INTRODUCTION**

The above-captioned matter is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by a detainee presently held in Respondents' custody at the Immigration and Customs Enforcement ("ICE") detention facility in Adelanto, California.  When he first filed this case, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  See Doc. No. 2.  The case became fully consented three days later (i.e., June 11, 2026) pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 4); see also Doc. No. 7.

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 6), filed after hours on Friday, June 12, 2026.  This Emergency Motion followed Respondents' Notice of Intended Removal, filed June 11, 2026, in which Respondents state, "ICE has served a notice of removal on the

Petitioner on June 11, 2026, identifying him as scheduled for removal on June 18, 2026 in accordance with his final voluntary departure removal order of October 10, 2024." See Doc. No. 5.  For the reasons discussed below, Petitioner's Emergency Motion is GRANTED IN PART AND DENIED IN PART.  In order to preserve this Court's jurisdiction to consider and rule on Petitioner's claims in his underlying Petition for Writ of Habeas Corpus, Respondents are temporarily restrained and enjoined from transferring or removing Petitioner from the Central District of California, including by removal from the United States, during the pendency of this habeas case.

**2.      BACKGROUND**

On June 8, 2026, Petitioner Hamilton Ismael Padilla Mendoza, a native and citizen of Nicaragua who is presently held in immigration detention at the ICE Detention Center in Adelanto, California, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  See Pet. (Doc. No. 1).  According to the verified Petition, he last entered the United States on or about May 5, 2022.  Id. at ¶ 19.  On May 6, 2022, he was released on conditional parole under Section 212(d)(5) of the Immigration and Nationality Act ("INA").  Id.  On August 10, 2022, he went to the Los Angeles ICE office at the request of immigration authorities and there the Department of Homeland Security ("DHS") served him with a Notice to Appear, initiating removal proceedings against him.  Id. at ¶ 20.  Petitioner was also served with an Order of Release on Recognizance ("ROR") "provided that he report to any hearings, surrender for removal if ordered, and report to a Duty Officer on October 11, 2022."  Id.

On October 10, 2024, the Immigration Court entered an Order which both denied Petitioner's request for asylum and ordered him removed from the United States, but also granted his request for withholding of removal under INA § 241(b)(3).  Id. at ¶ 22; Pet. at Ex. "A" (Doc. No. 1-1) at ECF pp. 7-10.  No alternative country of removal is specified in that Order.  Id. at ECF p. 9.  Both sides

2

waived appeal of that Order.  Id. at ECF p. 10.  Petitioner was therefore allowed to remain in the United States, subject to compliance with various supervision requirements, all of which he complied with.  Pet. at ¶¶ 22-24.

While attending a routine ICE check-in on June 4, 2026, however, Petitioner was arrested and re-detained without prior notice.  Id. at ¶ 25.  ICE did not provide Petitioner with written notice explaining the basis for revocation of his supervised release, nor did it provide him an initial interview pursuant to 8 C.F.R. §§ 241.41(l)(1) and 241.13(i)(3).  Id. at ¶ 26.  The arresting officer told Petitioner only that "he couldn't send [Petitioner] back to his country but that they would look for another country to take him to."  Id. at ¶ 25.  Petitioner alleges that Respondents have not complied with the procedural requirements to remove him to a third country.  See Pet. at¶¶ 89-90; Emergency Mot. (Doc. No. 6) at ECF pp. 19-20.

On June 8, 2026, Petitioner, though counsel, filed his Petition for Writ Habeas Corpus.  See Doc. No. 1.  Therein, Petitioner seeks a Writ ordering his immediate release from detention on the ground that he is being held in violation of the laws and Constitution of the United States, prohibiting his re-detention without a pre-detention hearing on whether he has violated the conditions of his supervised release, and prohibiting his removal to a third country (i.e., a country other Nicaragua).  Id. at p. 25.

As a petition seeking immigration-related relief under Section 2241, this case is subject to General Order 26-05 of this Court.  Pursuant to that General Order, the Clerk served the Petition on Respondents on June 8, 2026, along with a Notice of the General Order and Briefing Schedule.  See Doc. No. 4.  That Notice includes an order to show cause why the writ of habeas corpus should not be granted and sets an expedited briefing schedule as follows:

- Within three calendar days of service of the Notice (i.e., June 11th), Respondents shall file a Notice of Appearance;

3

- No later than seven days from service of the Notice (i.e. June 15th), Respondents shall file an Answer to the Habeas Petition;
- Any Reply to Respondents' Answer shall be filed no later than three days after the Answer is filed (i.e. June 18th);[1] and
- The matter will stand submitted for final disposition upon the filing of the Reply, without oral argument unless the Court otherwise orders.

See Doc. No. 4.

In addition, the General Order requires that "[d]uring the pendency of an § 2241 Immigration Petition, the government shall provide at least two court days' notice to the Petitioner, his or her counsel, and the Court of its intent to remove the petitioner from the Central District of California."  General Order 26-05 at § 6.

Pursuant to that requirement, on June 11, 2026, Respondents filed a Notice of Intended Removal.  See Doc. No. 5.  Therein, Respondents state "ICE has served a notice of removal on the Petitioner on June 11, 2026, identifying him as scheduled for removal on June 18, 2026 in accordance with his final voluntary departure removal order of October 10, 2024."  Id.  Attached thereto is a "Notification of Removal" addressed to Petitioner and signed June 11, 2026, stating "This letter is to inform you that you are scheduled for removal on 6/18/26, in accordance with Voluntary Departure Removal issued on 10/10/2024, by the Immigration Judge."  Doc. No. 5-1 at ECF p. 2.  Neither Respondents' Notice filed with this Court nor the Notification to Petitioner attached thereto specify what country Petitioner is scheduled to be removed to.

In response to Respondents' June 11th Notice, Petitioner filed the instant Emergency Motion the next day (June 12th).  See Doc. No. 6.  He seeks a TRO (1) enjoining Respondents from relocating him outside the Central District of California

---

[1] In the event the Petitioner is unrepresented, the due date for the Reply is 14 days from service of the Answer.  That provision is not applicable to this case, however, since Petitioner is represented by counsel.

4

or removing him from the United States while this action is pending, (2) enjoining Respondents from removing him to a third country without notice and an opportunity to be heard under 8 U.S.C. § 1231(b)(3), (3) ordering his immediate release from detention, and (4) prohibiting his re-detention without a pre-detention hearing.  See Emergency Mot. at ECF p. 2.  In essence, then, Petitioner seeks a TRO for all of the same substantive relief he seeks in the Petition itself.

**3.     LEGAL STANDARD**

Though Petitioner has titled this filing an "Emergency Motion" and included a "Notice of Motion," this is not a noticed motion, as it –for good reason, in part – fails to comply with the timing requirements of Local Rule 6-1.  What Petitioner actually has filed is an Ex Parte Application for a Temporary Restraining Order.  "Ex parte applications are permitted solely for extraordinary relief.  Whether to grant them is within the discretion of the district court."  Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017).  To justify consideration on an emergency ex parte basis, an applicant must present evidence showing that he, she, or it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one (in addition to needing to show the requisite cause for emergency consideration discussed above) is assessed under the same rubric as a motion for a preliminary injunction.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046,

1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010).  Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction."  Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue.  Local Rule 65-1.

**4.      DISCUSSION**

**A.      Petitioner has Established Sufficient Cause for Emergency Consideration of His Request, But Only as to the Request for a Temporary Stay of His Transfer and Removal**

As noted above, in order to warrant emergency consideration of his request for a TRO, Petitioner must establish he "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  Mission Power Eng'g Co., 883 F. Supp. at 492.  The expedited briefing schedule applicable in this case under General Order 26-05 is "intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order."  General Order 26-05.  Therefore, "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  Id.

Here, the briefing on the merits of the underlying Petition will be complete, and the matter will be submitted for determination, on June 18, 2026.  As to his emergency requests for immediate release and protection from re-detention

6

without a pre-detention hearing, Petitioner has not demonstrated "imminent, irreparable harm" of the type that cannot be addressed by the expedited briefing schedule.  Accordingly, the Court DENIES the Emergency Motion for a TRO insofar as it seeks an order for Petitioner's immediate release and blocking his re-detention absent a prior hearing.

Petitioner's request for emergency relief temporarily blocking his transfer from this District and his removal from the United States, however, is different.  Respondents intend to remove Petitioner from the United States on June 18, 2026.  See Doc. No. 5.  Thus, Respondents intend to remove Petitioner before the Court can consider the habeas petition on its merits.

As noted above, among the relief Petitioner requests in this case is a determination that Respondents cannot remove him to a third country absent procedural protections he has, to date, not received.  See Pet. at ECF p. 25; Emergency Mot. at ECF p. 20:18-19.  The only removal order for Petitioner that is presently in the record in this matter is an October 10, 2022, Order of the Immigration Judge that orders Petitioner removed but also grants him withholding of removal to Nicaragua.  See Pet. at Ex. "A," Doc. No. 1-1, ECF pp. 7-9.  No alternative, third, country is specified in that Order.  Id.

Respondents' Notice of Intended Removal does not provide any detail about their plans to remove Petitioner other than the June 18th date, but there are only two possibilities about where Respondents intend to remove him – both of which present substantial questions as to their legality.  Either Respondents intend to remove Petitioner to Nicaragua, or they intend to remove him to an unspecified third country.  The former would directly violate the Immigration Judge's Order withholding removal to Nicaragua.  The latter directly implicates Petitioner's claim in this habeas case that third-county removal would violate his due process rights.  Accomplishing that goal prior to this Court's opportunity to consider Petitioner's claim challenging such third-country removal constitutes the "imminent,

irreparable harm that cannot be addressed" even under General Order 26-05's expedited briefing schedule.  Accordingly, the Court finds Petitioner has shown sufficient cause for emergency consideration of his request for temporary restriction on his transfer out of this District and removal from the country until the Court can consider the Petition on the merits.

### B.    Jurisdiction to Restrain Temporarily Petitioner's Removal

Respondents assert in their Notice of Intended Removal that "there is no jurisdiction for a claim delaying the enforcement of a final removal order in District Court pursuant to 8 U.S.C. § 1252(g)."  Doc. No. 5 at ECF p. 2:8-9.  Section 1252(g) explicitly deprives this Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3; Ibarra-Perez v. United States, 154 F.4th 989, 996 (9th Cir. 2025); Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018).

To the extent Respondents contend that pursuant to that Section this Court lacks jurisdiction over this request for a temporary injunction against Petitioner's removal to allow the Court to consider this case on its merits, the Court disagrees.  Section 1252(g) prohibits claims based on the exercise of "prosecutorial discretion," Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999).  It is not within the "discretion" of the government to exceed the scope of its authority or otherwise violate the law, however.  See Ibarra-Perez, 154 F.4th at 997 ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders.").  Although "discretionary decisions are shielded from review," Petitioner here "objects to the lack of process afforded him" regarding his anticipated removal to a third country, not to "ICE's discretionary authority about 'when' to remove him or 'whether' to remove him."  Id. at 999; Jennings v. Rodriguez, 583 U.S. at 294 ("We did not interpret [section

8

1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.") (citing American-Arab Anti-Discrimination Comm., 525 U.S. at 482).  Thus, this Court does have jurisdiction to consider Petitioner's challenge to his removal to a third country.  See Ibarra-Perez, 154 F.4th at 997; Qu v. Mullin, No. 5:26-cv-1302, 2026 WL 836681, at *3 (C.D. Cal. Mar. 26, 2026).

In addition, "[t]he All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."  Cal. Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985); see also Belbacha v. Bush, 520 F.3d 452, 455-56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").  That is the situation here – a short-term injunction against Petitioner's removal is necessary to preserve this Court's jurisdiction to consider the substantial question presented in this Petition of whether removal of Petitioner to a third country would violate his due process rights.  Absent such a temporary injunction, Respondents' removal of Petitioner from the United States will deprive the Court of jurisdiction to reach the merits of this case because Petitioner will no longer be "in custody under or by color of the authority of the United States," 28 U.S.C. § 2241(c)(1), and his challenge to the legality of his third-county removal will go unheard.

The Court therefore finds that it has jurisdiction to consider the request for a temporary restraining order blocking Petitioner's removal in order to preserve the Court's ability to decide this case on its merits.

**C.**    **A Temporary Restraining Order is Appropriate to Preserve This Court's Jurisdiction to Consider Petitioner's Challenge to Third-Country Removal**

Petitioner claims that his removal to a third country would violate his rights under the Fifth Amendment, the INA, the Convention Against Torture, and applicable regulations that require meaningful notice and an opportunity to respond and make a fear-based claim.  See Pet. at ¶¶ 89-90.  Indeed, at least on the current record it does not appear that there has been any opportunity to make a fear-based claim, as no third country has yet been identified.  The Order of the Immigration Judge further expressly states that Petitioner's "Application for protection under [the Convention Against Torture] was not decided" but rather was "HELD IN ABEYANCE in light of the Court's GRANT of Withholding of Removal." Pet. at Ex. "A," (Doc. No. 1-1) ECF p. 8.

The issue of third-country removal is not remote or hypothetical in this case. Respondents have stated their intent to remove Petitioner in a matter of days. Unless Respondents intend to remove him to Nicaragua – notwithstanding the Immigration Judge's order withholding removal there – they imminently intend to remove him to an unspecified third country.  There is, at least, a "serious question going to the merits" of Petitioner's challenge to being removed to an unspecified third country.  Cf. Qu v. Mullin, supra, 2026 WL 836681, at *5 (discussing challenges to third-country removal and collecting cases).  That question cannot be resolved one way or the other at the hearing on this Emergency Motion because Respondents have not yet even answered the Petition, and Petitioner has accordingly not been able to reply.

The hardship balance also tips sharply towards Petitioner when considering a temporary restraint against his removal until the Court can resolve that serious question after full briefing in this case.  On the one hand, Respondents have an interest in enforcing the nation's immigration laws, including enforcing removal

10

orders in compliance with the laws and Constitution of the United States, and a TRO blocking removal pending determination of this habeas case on the merits impairs that interest.  On the other hand, Petitioner has an interest in not being removed in violation of the laws and Constitution of the United States, and the absence of the requested TRO will deprive him of even consideration of his case on its merits.  These hardships are not equal.  Whereas the hardship to Respondents under an injunction is temporary, the hardship to Petitioner in the absence of an injunction is permanent.  If the Court temporarily enjoins Respondents from removing Petitioner during the short remaining pendency of this case under the expedited briefing schedule, but then ultimately rules in favor of Respondents on the merits of the Petition, Respondents can remove Petitioner at that time.  If, however, the Court does not issue the TRO and Respondents remove Petitioner on from the country on June 18th, the Court loses jurisdiction even to consider Petitioner's case on the merits.  See 28 U.S.C. § 2241(c)(1).  Thus, the balance of hardships tips sharply toward Petitioner and in favor of temporarily enjoining his removal until the Court can rule on the merits of his Petition on full briefing.

Finally, removal to a third country before Petitioner is afforded his due process, statutory, and regulatory rights to challenge such removal is an irreparable harm, see Qu v. Mullin, 2026 WL 836681, at *6, and permitting the government to violate the law is not in the public interest, see Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013).

Petitioner has thus shown adequate grounds for issuance of a temporary restraining order prohibiting his transfer out of the Central District of California and his removal from the United States pending the Court's final decision on the merits of his Petition.  Once Respondents answer the Petition and the deadline for Petitioner to file a Reply passes (on June 18th), the Court intends to rule promptly on the Petition and vacate the Temporary Restraining Order set forth herein.  In that short interim, temporary injunctive relief is appropriate.

11

**D.      Bond is Waived**

The Court exercises its discretion and waives the bond requirement under Rule 65(c).  Because Petitioner will remain in Respondents' custody during the duration of this TRO, and in light of the intended short duration of the injunction (i.e. only until briefing on the underlying Petition can be completed and the Court can rule on the merits), the Court does not see any risk of costs or damages to Respondents arising from this TRO necessitating security in the form of a bond. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

**5.      CONCLUSION**

In accordance with the foregoing, the Court GRANTS IN PART Petitioner's request for a Temporary Restraining Order.  Pursuant to Federal Rule of Civil Procedure 65 and the All Writs Act, 28 U.S.C. § 1651(a),

**IT IS ORDERED** that Petitioner shall not be removed from the United States unless and until this Court orders otherwise.  See Cal. Energy Comm'n v. Johnson, 767 F.2d at 634 (9th Cir. 1985); Belbacha v. Bush, 520 F.3d at 455-56.

**IT IS FURTHER ORDERED** that, given Petitioner's interest in participating in further proceedings before this Court and maintaining adequate access to his legal counsel throughout the duration of these proceedings, Petitioner shall not be transferred outside the Central District of California absent further order from this Court.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

**IT IS FURTHER ORDERED THAT**, if the Court has not by then ruled on the underlying Petition and thereby discharged this Temporary Restraining Order, Respondents shall show cause in writing by no later than ten (10) days from the

date of this Order why the Court should not issue a preliminary injunction in this case.  Petitioner may file a response no later than three (3) days after Respondents' filing.

   **IT IS SO ORDERED.**

DATED: June 13, 2026                         _____
                                             HON. DANIEL S. ROBERTS
                                             UNITED STATES MAGISTRATE JUDGE

13